The **NEW YORK CENTRAL RAILROAD COMPANY**, Plaintiff-Appellee,

v.

**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al.,** Defendants-Appellees,

and

Brotherhood of Locomotive Engineers, Defendant-Appellant.

No. 15214.

United States Court of Appeals Seventh Circuit.

Jan. 20, 1966.

Edward J. Fillenwarth, Indianapolis, Ind., Harold N. McLaughlin, Cleveland, Ohio, for appellant.

John A. Stocker, Indianapolis, Ind., Richard O. Olson, Alvin E. Domash, Chicago, Ill., Harold C. Heiss, Cleveland, Ohio, Ralph Hamill, John P. Price, Indianapolis, Ind., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

The plaintiff, The New York Central Railroad Company (Railroad) brought the instant suit against the Brotherhood of Locomotive Firemen and Enginemen (Firemen) under the provisions of the Railway Labor Act. Firemen is the collective bargaining agent for the Railroad's firemen, firemen helpers, hostlers and others.

The Railroad sought a restraining order and a permanent injunction against a strike called by the Firemen. The Firemen's answer alleged that the strike had been called because the Railroad had violated Section 15(i) of the contract between the parties.

The Brotherhood of Locomotive Engineers (Engineers) moved and was given leave to intervene as a party defendant. The Engineers, collective bargaining agent for the Railroad's locomotive engineers, then filed an answer. Thereafter, the Railroad was permitted to amend its complaint to allege that no major dispute was involved, and that the Railroad, in compliance with the provisions of the Railway Labor Act, had filed its submission with the National Railroad Adjustment Board and that such submission set forth the exact nature of the minor dispute. A temporary restraining order was entered and thereafter a four-day trial was held.

The Railroad is divided into several major districts for operating purposes. The strike or work stoppage, which is the real subject matter of this lawsuit, occurred on the Southern District of the Railroad, formerly known as the Big Four. This District, using Indianapolis as a hub, serves Chicago, Cleveland, Cincinnati and St. Louis, and has through connections to every major area of the country.

The Firemen and Engineers both have a General Chairman in the Southern District. Each union is divided into twelve separate seniority districts, each having its own Chairman and subsidiary officers.

The dispute which led to the Firemen's strike, relates to a disagreement over the interpretation of Article 15(i) of the Firemen's contract and amended Article 48 of the Engineers' contract. The dis-

pute relates to only one of the twelve seniority districts, Sharonville, Ohio.

Article 15(i) of the Firemen's contract specified, among other things, the procedure to be followed in utilizing available promoted firemen as engineers when the Engineers' Extra Board was exhausted. This procedure obligated the Railroad to use the available qualified firemen as engineers. The firemen were to be selected on a seniority basis.

On some occasions at Sharonville, Ohio (perhaps six to eight times a year), engineers who had exceeded their maximum mileage, were called back and utilized as engineers in lieu of calling the available senior qualified firemen.

The Engineers claim that under the emergency provisions of Article 48 of their agreement with the Railroad, the occasional practice at Sharonville of calling back engineers who had exceeded their maximum mileage, was justified.

Apparently all the parties recognize that the minor dispute submitted to the First Division of the National Railroad Adjustment Board will not be decided by that Board for at least five years from the date of submission. If all of the parties would agree to submit the dispute to a Special Board of Adjustment, the determination of the matter would be greatly expedited. The Railroad has made several offers to submit the issues to a Special Board, but for undisclosed reasons, the Engineers and the Firemen have refused.

The District Court strongly urged that the parties agree to submit the dispute to a Special Board of Adjustment. We are of a like view. It would be for the benefit of all of the parties as well as of the general public to have this dispute settled promptly.

The appeal contains no serious attack on the District Court's right to issue the injunction. The issues of the dispute are cognizable by the National Adjustment Board and therefore, the Court had the power to grant injunctive relief to preserve the jurisdiction of the Board. Brotherhood of Railroad Train-

men v. Chicago River and Indiana Railroad Company, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622.

The District Court issued the injunction primarily to preserve the Adjustment Board's jurisdiction, but also, to insure continued common carrier service by rail to the public. The strike in the geographical location involved here would seriously have injured the entire country.

The Engineers argue that by imposing conditions upon the injunction, the District Court, in fact, determined the merits of the controversy in favor of the interpretation of the contracts as claimed by the Firemen.

The exact conditions which the Court imposed were:

"It is Further ordered, Adjudged and Decreed as a condition to said injunction and in order to maintain the status quo as it had existed prior to the date the dispute arose, that the Plaintiff, New York Central Railroad, be and is hereby ordered and directed to apply and strictly enforce its agreements with both the Brotherhood of Locomotive Engineers and the Brotherhood of Locomotive Firemen and Enginemen uniformly throughout the Southern District, including Sharonville, Ohio, in the manner uniformly and consistently applied prior to the time the dispute arose and in particular in such a manner so that when the engineers' Extra Board is exhausted, such Plaintiff call first for service as engineer a senior qualified fireman and thereafter the senior available qualified firemen in seniority order, so long as the need for engineer exists, and that engineers who have exceeded their maximum allowable mileage not be returned to service during the period involved, so long as such qualified firemen remain available for such service; and it is further ordered, adjudged and decreed that an 'emergency' shall not be declared at any time when such qualified firemen are available to act as engineers."

The trial court sat as a court of equity. It could have issued an injunction permitting the procedure at Sharonville to continue. However, the Firemen had objected to the Sharonville procedure and it did constitute a deviation from the procedure used throughout the remainder of the Railroad's Southern District.

We think it was well within the lower court's discretion, sitting as a court of equity, to continue the status quo by providing for a uniform practice throughout the District, until the time when either the First Division of the Railroad Adjustment Board or a Special Adjustment Board decides the Issues which are the basis of this controversy.

The judgment of the District Court is Affirmed.